

Opinions of the United
States Court of Appeals
for the Third Circuit

3-25-2005

# USA v. Afzal

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1910

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Afzal" (2005). *2005 Decisions.* Paper 1429.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1429

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-1910

———

UNITED STATES OF AMERICA

v.

MOHAMMAD AFZAL

<u>Appellant</u>

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 03-cr-00753)
District Judge: Honorable Dennis M. Cavanaugh

———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 10, 2005

Before: BARRY, FUENTES, and VAN ANTWERPEN, <u>Circuit Judges</u>.

(Filed:  March 25, 2005)

OPINION OF THE COURT

———

FUENTES, <u>Circuit Judge</u>.

-1-

Mohammad Afzal pled guilty to a two count information charging him in Count One with conspiring to commit bank fraud, and in Count Two with making, uttering and possessing counterfeit checks. The District Court sentenced Afzal, pursuant to the United States Sentencing Guidelines, to a 44 month term of imprisonment, and $52,857.34 in total restitution. Afzal received a two level enhancement for obstruction of justice, and a three-level enhancement for committing the offense in count two of the information while on release from the offense in count one. On appeal, he challenges his sentence under *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005).

Having determined that the sentencing issues appellant raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for resentencing in accordance with *Booker*. Afzal raises no challenge as to his conviction and accordingly has waived any argument in this regard. We will affirm the judgment of conviction.

———